FILED
2021 Nov-24  PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

PFE/AJG/MBM: Dec. 2021
GJ #21

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **UNDER SEAL** |
| ANTHONY LAMON FRAZIER, | ) | |
| *also known as* "Tony" | ) | |
| KELVIN JAMES DARK, | ) | |
| *also known as* "KDigga" | ) | **Case No.:** |
| CHARLEEN PORTER, and | ) | |
| FREDERICK ANDRE SPENCER | ) | |

## INDICTMENT

### COUNTS ONE through TWENTY-THREE
**Money Laundering**
**[18 U.S.C. §§ 1956(a)(1)(B)(i) and (a)(1)(B)(ii)]**

The Grand Jury charges that:

1. On or about the date set forth below for each count, in Talladega County, within the Northern District of Alabama, and elsewhere, the defendant,

**ANTHONY LAMON FRAZIER,**
***also known as* "Tony,"**

knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, that is, distribution and possession with intent to distribute controlled substances, and attempt and conspiracy to do the same, in violation of

Title 21, United States Code, Sections 841 and 846, knowing that the transaction

was designed in whole or in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of a specified unlawful activity, and to avoid

transaction reporting requirements under Federal law, as set forth below:

| Count | Date | Description of Financial Transaction | Approximate Amount |
|---|---|---|---|
| 1 | 07/14/2017 | Postal Money Order in the name of Cedric Jones at 101 Lide Road, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 2 | 07/14/2017 | Postal Money Order in the name of Cedric Jones at 101 Lide Road, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 3 | 09/11/2017 | Postal Money Order in the name of Julius Ragland at 114 Lide Road, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 4 | 10/03/2017 | Postal Money Order in the name of Mary Dark at 319 Scott Street, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 5 | 10/04/2017 | Postal Money Order in the name of Tiffany Jones at 905 Long Street, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 6 | 01/25/2018 | Postal Money Order in the name of Chris Jones at 211 Baker Street, deposited into Frazier Investment Account ending in *0296 | $1,000 |

| 7 | 02/06/2018 | Postal Money Order in the name of Mike Cook at 115 Cook Drive, deposited into Frazier Investment Account ending in *0296 | $1,000 |
|---|---|---|---|
| 8 | 02/20/2018 | Postal Money Order in the name of Mark Smith at 119 Jacob Lane, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 9 | 02/21/2019 | Postal Money Order in the name of Mary Swain at 116 Lide Road, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 10 | 02/21/2019 | Postal Money Order in the name of Mary Swain at 116 Lide Road, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 11 | 03/18/2020 | Postal Money Order in the name of Alicia Jones at 741 Davis Street, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 12 | 03/18/2020 | Postal Money Order in the name of Tosha Dark at 783 Baker Street, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 13 | 07/16/2020 | Cash Deposit into Frazier Investment Account ending in *0296 | $1,000 |
| 14 | 07/16/2020 | Postal Money Order in the name of Cindy Scott at 138 Baker Street, deposited into Frazier Investment Account ending in *0296 | $1,000 |
| 15 | 08/04/2020 | Cash Deposit into Head of Game Account ending in *5129 | $2,000 |

| 16 | 08/17/2020 | Postal Money Order in the name of Mark Jones at 217 Cleves Lane, deposited into Head of Game Account ending in *5129 | $1,000 |
|----|------------|---|--------|
| 17 | 08/17/2020 | Postal Money Order in the name of Mark Jones at 217 Cleves Lane, deposited into Head of Game Account ending in *5129 | $1,000 |
| 18 | 08/21/2020 | Postal Money Order in the name of Mark Jones at 115 Ragland Street, deposited into Head of Game Account ending in *5129 | $1,000 |
| 19 | 08/21/2020 | Postal Money Order in the name of Mark Jones at 115 Ragland Street, deposited into Head of Game Account ending in *5129 | $1,000 |
| 20 | 08/21/2020 | Cash Deposit into Head of Game Account ending in *5129 | $2,000 |
| 21 | 09/04/2020 | Cash Deposit into Head of Game Account ending in *5129 | $2,000 |
| 22 | 09/04/2020 | Cash Deposit into Frazier Investment Account ending in *0296 | $2,000 |
| 23 | 09/04/2020 | ATM Deposit into Frazier Investment Account ending in *0296 | $520 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (a)(1)(B)(ii).

## COUNTS TWENTY-FOUR through TWENTY-SEVEN
### Structuring
### [31 U.S.C. §§ 5324(a)(3) and (d)(2)]

The Grand Jury further charges that:

2. The allegations contained in paragraph 1 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

3. On or about the dates set forth below, in Talladega County, in the Northern District of Alabama, and elsewhere, the defendant,

### ANTHONY LAMON FRAZIER,
### *also known as* "Tony,"

did knowingly, and for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure the following currency transactions with PNC Bank, a domestic financial institution, and did so while violating another law of the United States:

| Count | Date(s) | Description of Financial Transactions | Approximate Total Amount |
|-------|---------|----------------------------------------|--------------------------|
| **24** | 02/20/2018 | Three (3) Postal Money Orders in the name of Mark Smith at 119 Jacob Lane, deposited into Frazier Investment Account ending in *0296 | $21,100 |
| | 02/21/2018 | Five (5) Postal Money Orders in the name of Jason Jones at 421 Baker Street, deposited | |

| | | into Frazier Investment Account ending in *0296 | |
|---|---|---|---|
| | 02/22/2018 | Three (3) Postal Money Orders in the name of Jim Jones at 210 East Street, deposited into Frazier Investment Account ending in *0296 | |
| | 02/23/2018 | Two (2) Postal Money Orders in the name of Mike Scott at 411 Scott Street, deposited into Frazier Investment Account ending in *0296 | |
| | 02/26/2018 | Three (3) Postal Money Orders in the name of Chris Jones at 119 Scott Street, deposited into Frazier Investment Account ending in *0296 | |
| | 02/28/2018 | Two (2) Postal Money Orders in the name of Kim Smith at 118 Baker Street, Two (2) Postal Money Orders in the name of Sanfaeia Spidell at 24 Curry Court, and Three (3) Postal Money Orders in the name of John Stamps at 418 East Street, all deposited into Frazier Investment Account ending in *0296 | |
| 25 | 02/25/2019 | Four (4) Postal Money Orders in the name of Sara Smith at 217 Long Street, deposited into Frazier Investment Account ending in *0296 | $4,000 |
| 26 | 05/26/2020 | Four (4) Postal Money Orders in the name of Brandon Scott at 115 Frazier Street, deposited into Frazier Investment Account ending in *0296 | $4,000 |

| 27 | 08/31/2020 | Cash Deposit into Head of Game Account ending in *5129 | $14,500 |
| | 09/01/2020 | Four (4) Postal Money Orders in the name of Mark Cross at 195 Ragland Street, deposited into Head of Game account ending in *5129 | |
| | 09/03/2020 | Two (2) Postal Money Orders in the name of Jon Scott at 554 Baker Street, deposited into Head of Game account ending in *5129 | |
| | 09/03/2020 | Cash Deposit into Head of Game Account ending in *5129 | |
| | 09/04/2020 | Two (2) Postal Money Orders in the name of Chris White at 119 Moon Street, deposited into Head of Game account ending in *5129 | |
| | 09/04/2020 | Cash Deposit into Frazier Investments Account ending in *0296 | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2).

## COUNT TWENTY-EIGHT
### Conspiracy to Commit Wire Fraud
### [18 U.S.C. §§ 1343 & 1349]

The Grand Jury further charges that:

4. The allegations contained in paragraphs 1 through 3 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

5. Beginning in and around November 2018 and continuing through in and around December 2019, more exact dates being unknown to the Grand Jury, in Talladega County, in the Northern District of Alabama and elsewhere, the defendants:

**ANTHONY LAMON FRAZIER,**
*also known as* **"Tony,"**
**KELVIN JAMES DARK,**
*also known as* **"KDigga," and**
**FREDERICK ANDRE SPENCER,**

did knowingly and willfully conspire, combine, and agree together with others both known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud Victim Q.W. and to obtain money and property belonging to Victim Q.W. by means of materially false and fraudulent pretenses, representations, and promises; and for the purposes of executing such scheme and artifice, knowingly would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## **MANNER AND MEANS**

6. The objective of the conspiracy was to trick and deceive Victim Q.W., who was at all relevant times either a professional athlete or in the process of becoming

a professional athlete, into wiring funds into bank accounts controlled by the conspiracy. Among the manner and means used by the conspiracy to achieve its unlawful objects and in furtherance of the scheme were the following:

a.      Defendants **FRAZIER**, **DARK**, and **SPENCER** represented to Victim Q.W. that they would operate a sports agency on his behalf.

b.      Defendants **FRAZIER**, **DARK**, and **SPENCER** caused Victim Q.W. to wire $500,000 to a bank account controlled by **FRAZIER**, purportedly to start this sports agency.

c.      Defendants **FRAZIER**, **DARK**, and **SPENCER** led Victim Q.W. to believe that they would actively recruit new players, produce high-quality marketing materials for the agency, and foster connections in the sports marketing world.

d.      In fact, the defendants used this money for their own personal benefit, and made only minimal efforts to act in accordance with their agreement with Victim Q.W. The majority of the funds provided by Victim Q.W. were instead used to personally benefit defendants **FRAZIER**, **DARK**, and **SPENCER**.

e.      Approximately $214,825 of the money wired by Victim Q.W. was wired by defendant **FRAZIER** into a separate bank account, purporting to be a business account for a towing company. This money was also used for defendant

**SPENCER**'s personal benefit rather than for its intended purpose as described by Victim Q.W.

f.      The defendants tricked and deceived Victim Q.W. by leading him to believe that his money would be used for the purposes he outlined to the defendants, and instead the defendants used his money for their own personal benefit.

## OVERT ACTS

7. In furtherance of the conspiracy, and in order to accomplish its objects, defendants **FRAZIER, DARK,** and **SPENCER**, together with co-conspirators both known and unknown to the Grand Jury, committed overt acts in the Northern District of Alabama and elsewhere, including, but not limited to, the following:

a.      On or about November 27, 2018, defendant **FRAZIER** opened a bank account under the name "Head of Game," for which he retained sole signatory authority.

b.      In and around December 2018, defendants **FRAZIER, DARK,** and **SPENCER** met with Victim Q.W., and agreed to operate a sports agency on his behalf. They instructed Victim Q.W. to wire half of the advance funds he received from signing to play for a professional sports franchise, which amounted to $500,000, to a bank account for the agency. Defendants **FRAZIER, DARK,** and

SPENCER did not tell Victim Q.W. that defendant FRAZIER retained sole signatory authority on the account, or that Victim Q.W. did not have signatory authority for the account.

       c.     On or about January 15, 2019, because of the representations made to Victim Q.W. by the defendants, Victim Q.W. did cause $500,000 to be wired to the "Head of Game" bank account. Defendants FRAZIER, DARK, and SPENCER used Victim Q.W.'s money, which was wired to the "Head of Game" bank account held in defendant FRAZIER's name, for their personal benefit.

       d.     On or about January 16, 2019, defendant FRAZIER wired $214,825 of Victim Q.W.'s money from the "Head of Game" account to an account held by CHARLEEN PORTER. This money was also used for defendant SPENCER's personal benefit rather than for its intended purpose as described by Victim Q.W.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## COUNT TWENTY-NINE
### Money Laundering
### [18 U.S.C. § 1957]

The Grand Jury further charges that:

8. The allegations contained in paragraphs 1 through 7 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

9. On or about the 27th day of August, 2019, in Talladega County, within the Northern District of Alabama and elsewhere, the defendant,

**ANTHONY LAMON FRAZIER,**
***also known as* "Tony,"**

knowingly engaged and attempted to engage in a monetary transaction, by through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of funds as set forth below, such property having been derived from a specified unlawful activity, that is, wire fraud as alleged in Count Twenty-Eight of this Indictment:

| Count | Date | Description of Financial Transaction | Approximate Amount |
|-------|------|--------------------------------------|--------------------|
| **29** | 08/27/2019 | Wire Transfer from Ganek PC to Frazier Investments account ending in *0296 | $130,724.92 |

All in violation of Title 18, United States Code, Section 1957.

## COUNT THIRTY
### Conspiracy to Commit Wire Fraud
### [18 U.S.C. §§ 1343 and 1349]

The Grand Jury further charges that:

10. The allegations contained in paragraphs 1 through 9 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

11. Beginning in and around January 2019 and continuing to in and around June 2020, more exact dates being unknown to the Grand Jury, in Jefferson County, in the Northern District of Alabama and elsewhere, the defendants:

**CHARLEEN PORTER**
**and**
**FREDERICK ANDRE SPENCER,**

did knowingly and willfully conspire, combine, and agree together and with others known and unknown to the Grand Jury to devise a scheme and artifice to defraud the Small Business Administration and to obtain money and property belonging to the Small Business Administration by means of materially false and fraudulent pretenses, representations, and promises; and for the purposes of executing such scheme and artifice, knowingly would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purposes of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

12.    The objective of the conspiracy was to use fraudulent loan paperwork to mislead the Small Business Administration and its lenders into paying out a COVID relief loan under the Paycheck Protection Program, causing funds to be wired into bank accounts controlled by the conspiracy. Among the manner and

means used by the conspiracy to achieve its unlawful objects and in furtherance of the scheme were the following:

a.      Defendant **FREDERICK SPENCER** caused $214,825 of Victim Q.W.'s funds to be wired into a business bank account held by Mom & Son's Towing, for which defendant **CHARLEEN PORTER** had signatory authority.

b.      Defendant **PORTER** completed and caused a loan application to be submitted, requesting a Paycheck Protection Program ("PPP") loan for Mom & Son's Towing. In that loan application, defendant **PORTER** claimed five employees, a monthly payroll of $34,472, gross receipts of $866,412, and annual wages of $396,000 for 2019. However, the bank records for Mom & Son's Towing reveal gross receipts of approximately $244,338.98, the majority of which is comprised of the money stolen from Victim Q.W. Furthermore, total withdrawals for 2019 total approximately $230,443.67, far less than the wages claimed to have been paid out on the loan application.

c.      Defendant **PORTER** attached fraudulent Schedule C and Form W3 paperwork to substantiate her loan application.

d.      Defendants **SPENCER** and **PORTER** used this business account to fund their personal living expenses rather than legitimate expenses.

e.      Defendant **PORTER** caused Kabbage, Inc. to disburse a PPP loan in the amount of $86,178, which was wired to the business bank account for Mom & Son's Towing.

## OVERT ACTS

13.     In furtherance of the conspiracy, and in order to accomplish its objects, defendants **FREDERICK SPENCER** and **CHARLEEN PORTER**, together with co-conspirators both known and unknown to the grand jury, committed overt acts in the Northern District of Alabama and elsewhere, including, but not limited to, the following:

a.  On or about January 14, 2019, defendant **PORTER** opened an Iberia bank account under the name "Mom & Son's Towing," for which she maintained signatory authority.

b.  On or about January 16, 2019, defendant **SPENCER** caused $214,825 to be wired into the Mom & Son's business bank account.

c.  On or about May 5, 2020, defendants **SPENCER** and **PORTER** opened a new Cadence bank account for Mom & Son's Towing, and defendant **PORTER** closed the previously held account for the business, transferring the remaining funds in the Iberia account to the Cadence account.

d.  On or about June 17, 2020, defendant **PORTER** caused to be submitted a loan application to Kabbage, Inc., an authorized lender for the Small Business Administration, requesting a loan under the Paycheck Protection Program.

e.  As part of that application, on or about June 17, 2020, defendant **PORTER** attached fraudulent paperwork, including a false Schedule C and Form W3, which made false claims about monthly payroll, annual wages, and gross receipts, among other false items.

f.  As a result of that submission, on or about June 19, 2020, defendant **PORTER** caused $86,178 to be paid out by Kabbage, Inc., which wired its loan funds into the Cadence business bank account jointly held by defendants **PORTER** and **SPENCER**.

g.  Defendants **PORTER** and **SPENCER** used these funds for their personal expenses, and not for the purposes designated on their loan application. For example, on June 22, 2020, defendant **SPENCER** caused $5,000 to be wired from the Cadence account to a business bank account for "Direct Playa, Inc." for which he was the sole signatory authority.

All in violation of Title 18, United States Code, Sections 1343 and 1349.

# COUNT THIRTY-ONE
## False Statements
### [18 U.S.C. § 1014]

The Grand Jury further charges that:

14. The allegations contained in paragraphs 1 through 13 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

15. On or about the 17th day of June, 2020, in Jefferson County, in the Northern District of Alabama and elsewhere, the defendant,

**CHARLEEN PORTER,**

knowingly made and caused to be made to the Small Business Administration, false statements for the purpose of influencing the actions of Kabbage, Inc., an institution whose deposits are insured by the Federal Deposit Insurance Corporation, to provide the Defendant with a loan under the Paycheck Protection Program in the amount of approximately $86,178. Defendant **CHARLEEN PORTER** claimed, among other false items, that in 2019 she paid out over $396,000 in wages for her business.

All in violation of Title 18, United States Code Section 1014.

**COUNT THIRTY-TWO**
**Wire Fraud**
**[18 U.S.C. § 1343]**

The Grand Jury further charges that:

16. The allegations contained in paragraphs 1 through 15 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

17. On or about the 19th day of June, 2020, in Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

**CHARLEEN PORTER,**

together with others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud the Small Business Administration, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, that is, defendant **PORTER** submitted a fraudulent loan application under the Paycheck Protection Act, causing Kabbage, Inc. to wire a loan payment of approximately $86,178 into defendant **PORTER**'s bank account.

All in violation of Title 18, United States Code, Section 1343.

## COUNT THIRTY-THREE
### False Statements
### [18 U.S.C. § 1014]

The Grand Jury further charges that:

18. The allegations contained in paragraphs 1 through 17 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

19. On or about the 24th day of June, 2020, in Jefferson County, in the Northern District of Alabama and elsewhere, the defendant,

### FREDERICK ANDRE SPENCER,

knowingly made and caused to be made to the Small Business Administration, false statements for the purpose of influencing the actions of Kabbage, Inc., an institution whose deposits are insured by the Federal Deposit Insurance Corporation, to provide the Defendant with a loan under the Paycheck Protection Program in the amount of approximately $78,248. Defendant **FREDERICK ANDRE SPENCER** claimed, among other false items, that in 2019 he paid out $315,000 in wages for his business.

All in violation of Title 18, United States Code Section 1014.

## COUNT THIRTY-FOUR
### Wire Fraud
### [18 U.S.C. § 1343]

The Grand Jury further charges that:

20. The allegations contained in paragraphs 1 through 19 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

21. On or about the 29th day of June, 2020, in Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

### FREDERICK ANDRE SPENCER,

together with others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud the Small Business Administration, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, that is, defendant **SPENCER** submitted a fraudulent loan application under the Paycheck Protection Act, causing Kabbage, Inc. to wire a loan payment of approximately $78,248 into **SPENCER**'s bank account.

All in violation of Title 18, United States Code, Section 1343.

## COUNT THIRTY-FIVE
## Filing a False Tax Return
## [26 U.S.C. § 7206(1)]

The Grand Jury further charges that:

22. The allegations contained in paragraphs 1 through 21 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

23. On or about the 27th day of May, 2019, in Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

**ANTHONY LAMON FRAZIER,**
*also known as* **"Tony,"**

did willfully make and subscribe and cause to be filed with the Internal Revenue Service a U.S. Individual Income Tax Return (IRS Form 1040), for the calendar year 2017. That tax return, which was filed with the Internal Revenue Service, was verified by a written declaration that it was made under the penalties of perjury. The defendant did not believe his tax return was true and correct as to every material matter. Among other things, that tax return was false insomuch as it reported on Line 22 a negative total income (i.e., a loss) in the amount of $32,667, whereas, as Defendant **FRAZIER** then and there well knew, his total income was substantially in excess of the reported amount.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT THIRTY-SIX
## Filing a False Tax Return
## [26 U.S.C. § 7206(1)]

The Grand Jury further charges that:

24. The allegations contained in paragraphs 1 through 23 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

25. On or about the 27th day of May, 2019, in Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

**ANTHONY LAMON FRAZIER,**
***also known as* "Tony,"**

did willfully make and subscribe and cause to be filed a U.S. Individual Income Tax Return (IRS Form 1040), for the calendar year 2018. That tax return, which was filed with the Internal Revenue Service, was verified by a written declaration that it was made under the penalties of perjury. The defendant did not believe his tax return was true and correct as to every material matter. Among other things, that tax return was false insomuch as it reported on Line 6 a total income of $40,583, whereas, as Defendant **FRAZIER** then and there well knew, his total income was substantially in excess of the reported amount.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT THIRTY-SEVEN
## Filing a False Tax Return
## [26 U.S.C. § 7206(1)]

The Grand Jury further charges that:

26. The allegations contained in paragraphs 1 through 25 are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

27. On or about the 13th day of July, 2020, in Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

### ANTHONY LAMON FRAZIER,
### *also known as* "Tony,"

did willfully make and subscribe and cause to be filed a U.S. Individual Income Tax Return (IRS Form 1040), for the calendar year 2019. That tax return, which was filed with the Internal Revenue Service, was verified by a written declaration that it was made under the penalties of perjury. The defendant did not believe his tax return was true and correct as to every material matter. Among other things, that tax return was false insomuch as it reported on Line 7b a total income of $58,687, whereas, as Defendant **FRAZIER** then and there well knew, his total income was substantially in excess of the reported amount.

All in violation of Title 26, United States Code, Section 7206(1).

## FIRST NOTICE OF FORFEITURE
### [18 U.S.C. § 982(a)(1)]

1.      The allegations contained in Counts One through Twenty-Three and Count Twenty-Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

2.      Upon conviction of an offense in violation of 18 U.S.C. § 1956 or 18 U.S.C. § 1957, the defendant,

### ANTHONY LAMON FRAZIER
### *also known as* "Tony,"

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:  $107,780.80 in United States currency seized from a PNC Bank account in the name of Frazier Investment LLC DBA FF Autos, Number *0296; a $1,000 postal money order made payable to Head Of Game Sports, S/N *2725; a $1,000 postal money order made payable to Head Of Game Sports, S/N *2736; and a money judgment representing the property involved in the offenses.

3.      If any of the property described above, as a result of any act or omission of the defendant:

  a.  cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

## <u>SECOND NOTICE OF FORFEITURE</u>
### [31 U.S.C. § 5317]

1.      The allegations contained in Counts Twenty-Four through Twenty-Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 31, United States Code, Section 5317.

2.      Upon conviction of an offense in violation of Title 31, United States Code, Section 5324, the defendant,

**ANTHONY LAMON FRAZIER**
***also known as* "Tony,"**

shall forfeit to the United States of America all property, real or personal, involved in the offense and any property traceable to such property, including but not limited

to a portion of the $107,780.80 in United States currency seized from a PNC Bank account in the name of Frazier Investment LLC DBA FF Autos, Number *0296.

3.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and by Title 28, United States Code, Section 2461(c).

## THIRD NOTICE OF FORFEITURE
**[18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c)]**

1.      The allegations contained in Counts Twenty-Eight and Thirty through Thirty-Four of this Indictment are hereby realleged and incorporated by reference

for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c).

2. Upon conviction of an offense in violation of 18 U.S.C. § 1014, 18 U.S.C. § 1343, and 18 U.S.C. § 1349, the defendants,

**ANTHONY LAMON FRAZIER,**
*also known as* **"Tony,"**
**KELVIN JAMES DARK**
*also known as* **"KDigga,"**
**FREDERICK ANDRE SPENCER, and**
**CHARLEEN PORTER,**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to, a money judgment representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to each offense of which any defendant has been convicted.

3. If any of the property described above, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

*/s/: Electronic Signature*
FOREPERSON OF THE GRAND JURY

      PRIM F. ESCALONA
      United States Attorney

      */s/: Electronic Signature*
      ALLISON J. GARNETT
      Assistant United States Attorney

      */s/: Electronic Signature*
      M. BLAKE MILNER
      Assistant United States Attorney

      */s/: Electronic Signature*
      THOMAS BORTON
      Assistant United States Attorney